

**Service of Process Transmittal**
12/02/2016
CT Log Number 530274791

**TO:** Kim Turner
Allstate Insurance Company - Nashville MCO
555 Marriott Dr Ste 850
Nashville, TN 37214-5026

**RE:** Process Served in Tennessee

**FOR:** Allstate Property and Casualty Insurance Company  (Domestic State: IL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Lashondra Young and Daniel Cathern, Pltfs. vs. Allstate Property and Casualty Insurance Company, Dft. |
| **DOCUMENT(S) SERVED:** | Attachment(s), Summons, Return, Complaint, Cost Bond |
| **COURT/AGENCY:** | Shelby County Circuit Court, TN<br>Case # CT00461616 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Knoxville, TN |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 12/02/2016 postmarked on 11/30/2016 |
| **JURISDICTION SERVED:** | Tennessee |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, not including the day of service |
| **ATTORNEY(S) / SENDER(S):** | J. Brandon McWherter<br>Gilbert Russell McWherter Scott Bobbitt PLC<br>341 Cool Springs Blvd, #230<br>Franklin, TN 37067<br>615-354-1144 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1Z0399EX0122971796 |
| | Image SOP |
| | Email Notification,  Judi Bowlds  Judi.Bowlds@allstate.com |
| | Email Notification,  Kim Turner  chzwv@allstate.com |
| | Email Notification,  Cherie Schmelz  Cherie.Schmelz@allstate.com |
| | Email Notification,  Susan Ellis  selli@allstate.com |
| | Email Notification,  Craig Grider  cgjf4@allstate.com |
| | Email Notification,  Sheila Wilson  chyhj@allstate.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>800 S. Gay Street<br>Suite 2021 |

Page 1 of  2 / AP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



# Service of Process Transmittal
12/02/2016
CT Log Number 530274791

| | |
|---|---|
| **TO:** | Kim Turner<br>Allstate Insurance Company - Nashville MCO<br>555 Marriott Dr Ste 850<br>Nashville, TN 37214-5026 |
| **RE:** | **Process Served in Tennessee** |
| **FOR:** | Allstate Property and Casualty Insurance Company  (Domestic State: IL) |
| **TELEPHONE:** | Knoxville, TN 37929-9710<br>216-802-2121 |

Page 2 of  2 / AP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**CERTIFIED MAIL**®

**TN** Department of
**Commerce &
Insurance**

Service of Process
500 James Robertson Parkway
Nashville, Tennessee 37243

7016 0750 0000 2777 6535





FIRST CLASS

02 1M         $ 06.67⁵
0004286263   NOV 30 2016
MAILED FROM ZIP CODE 37243

7016 0750 0000 2777 6535       11/22/16
ALLSTATE PROPERTY & CASUALTY INS CO
800 S. GAY STREET, STE 2021, % C T CORP.
KNOXVILLE, TN 37929-9710

3792989710 C002

**STATE OF TENNESSEE**
**Department of Commerce and Insurance**
**500 James Robertson Parkway**
**Nashville, TN 37243-1131**
**PH - 615.532.5260, FX - 615.532.2788**
**Jerald.E.Gilbert@tn.gov**

November 22, 2016

Allstate Property & Casualty Ins Co
800 S. Gay Street, Ste 2021, % C T Corp.
Knoxville, TN 37929-9710
NAIC # 17230

Certified Mail
Return Receipt Requested
7016 0750 0000 2777 6535
Cashier # 29176

Re: Lashonda Young And Daniel Cathern V. Allstate Property & Casualty Ins Co

Docket # Ct-004616-16

To Whom It May Concern:

Pursuant to Tennessee Code Annotated § 56-2-504 or § 56-2-506, the Department of Commerce and Insurance was served November 21, 2016, on your behalf in connection with the above-styled proceeding. Documentation relating to the subject is herein enclosed.

Jerald E. Gilbert
Designated Agent
Service of Process

Enclosures

cc: Circuit Court Clerk
    Shelby County
    140 Adams Street, Rm 324
    Memphis, Tn 38103

**(CIRCUIT/~~CHANCERY~~) COURT OF TENNESSEE**
**140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

## SUMMONS IN CIVIL ACTION

Docket No. CT-004616-16

(●) Lawsuit
( ) Divorce

Ad Damnum $ _____

| Plaintiff(s) | | Defendant(s) |
|---|---|---|
| LASHONDRA YOUNG and DANIEL CATHERN | VS | Allstate Property and Casualty Company |

TO: (Name and Address of Defendant (One defendant per summons))

Allstate Property and Casualty Insurance Company
c/o Commissioner of Insurance
500 James Robertson Parkway
Nashville TN 37243-0565

Method of Service:
( ) Certified Mail
( ) Shelby County Sheriff
(●) Commissioner of Insurance ($)
( ) Secretary of State ($)
( ) Other TN County Sheriff ($)
( ) Private Process Server
( ) Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on J. Brandon McWherter Plaintiff's attorney, whose address is 341 Cool Springs Blvd., Ste. 230, Franklin, TN 37067 telephone 615-354-1144 within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

JIMMY MOORE, Clerk / DONNA RUSSELL, Clerk and Master

TESTED AND ISSUED 11-14-16 By _____, D.C.

**TO THE DEFENDANT:**

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, JIMMY MOORE / DONNA RUSSELL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this _____ 20__

JIMMY MOORE, Clerk / DONNA RUSSELL, Clerk and Master By: _____, D.C.

**RETURN OF SERVICE OF SUMMONS**

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20____ at _____ M. a copy of the summons and a copy of the Complaint to the following Defendant _____

at _____

_____          By: _____
Signature of person accepting service                              Sheriff or other authorized person to serve process

**RETURN OF NON-SERVICE OF SUMMONS**

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20_____.

By: _____
Sheriff or other authorized person to serve process

IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE

FILED
NOV 14 2016
CIRCUIT COURT CLERK
BY _____ D.C.

| | |
|---|---|
| LASHONDRA YOUNG and<br>DANIEL CATHERN,<br><br>Plaintiffs,<br><br>v.<br><br>ALLSTATE PROPERTY AND<br>CASUALTY INSURANCE COMPANY,<br><br>Defendant. | Civil Action No. CT-004616-16<br>Div. VIII<br><br>JURY DEMANDED |

## COMPLAINT

COME NOW the Plaintiffs, LASHONDRA YOUNG and DANIEL CATHERN, by and through counsel, and submit the following for their Complaint against ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY:

### PARTIES AND JURISDICTION

1. Lashondra Young and Daniel Cathern (hereafter "Plaintiffs") are citizens of Shelby County, Tennessee. At all times relevant hereto, Plaintiff Lashondra Young was the owner of the realty and dwelling located at 4258 Renners Road, Memphis, Shelby County, Tennessee (the "Insured Premises"). Plaintiff Daniel Cathern is the husband of Plaintiff Lashondra Young, and also resided at the Insured Premises.

2. Defendant, Allstate Property and Casualty Insurance Company (hereafter "Allstate"), which is organized in the State of Illinois and has its headquarters in the State of Illinois, is engaged in the insurance business in the State of Tennessee, including Shelby County.

3.      This Complaint originates as the result of a fire that severely damaged the dwelling located on the Insured Premises and the contents located therein, and Allstate's unlawful denial of Plaintiffs' insurance claim.

## FACTS

4.      At all times relevant hereto, Plaintiffs were the insureds pursuant to an insurance contract whereby Allstate agreed to insure the dwelling, other structures, and personal property located at the Insured Premises against property damage, bearing Policy No. 955 358 155 (the "Policy"). The Policy's term was June 14, 2015 to June 14, 2016. The Policy is incorporated herein by reference as if set forth verbatim.

5.      At all times relevant hereto, the Insured Premises consisted of a residential dwelling and surrounding area in which Plaintiffs and their family resided.

6.      The Policy provided insurance coverage for sudden and accidental direct physical loss to the dwelling located on the Insured Premises, as well as coverage for damage to personal property resulting from sudden and accidental direct physical losses. The Policy also provided coverage for debris removal, additional living expenses, damage to trees, shrubs, plants, and lawns, and such other insurance coverage as specifically set forth in the Policy.

7.      The Declarations page of the Policy reveals that coverage was provided in the following amounts:

   a. Dwelling                    $83,000

   b. Other Structures            $8,300

   c. Personal Property           $49,800

   d. Additional Living Expenses  $8,300

8. The Policy is an "all-risks" policy, meaning that the Policy covered all risks of sudden and accidental direct physical loss except as specifically excluded or limited by the Policy.

9. Pursuant to the Policy, Plaintiffs paid an annual premium to Allstate in exchange for insurance coverage. Plaintiffs paid the required premiums at all times relevant to this Complaint.

10. On or about November 23, 2015, a sudden and accidental fire damaged and/or destroyed the dwelling and personal property located on the Insured Premises (the "Loss").

11. The Loss to the dwelling resulted in damage that exceeds the policy limits for the dwelling.

12. The Policy was in effect at the time of the Loss, and the Loss is compensable under the terms of the Policy. As it relates to the Loss, there is no applicable exclusion.

13. Plaintiffs promptly reported the Loss to Allstate.

14. Plaintiffs fulfilled all of the duties after the Loss that were imposed upon them by the Policy.

15. Despite the fact that Plaintiffs fulfilled all duties imposed upon them by the Policy and are at no fault in this matter, Allstate wrongfully denied Plaintiffs' claim for insurance proceeds by letter dated September 19, 2016.

16. Allstate's refusal to pay the money and benefits due and owing Plaintiffs under the Policy has caused Plaintiffs to seek legal counsel and to initiate this Complaint to recover the insurance proceeds and/or other Policy benefits to which they are entitled.

## CAUSES OF ACTION

### Count I - Breach of Contract

17. The allegations contained in the paragraphs above and below in this Complaint are incorporated herein by reference as if set forth verbatim.

18. The Policy issued by Allstate was a binding contract, and is supported by valid consideration.

19. Allstate is in total material breach of the Policy and is liable to Plaintiffs in the maximum amount allowed by the Policy for the Loss. Specifically, Allstate's breach of contract includes the following without limitation: (a) failure and refusal to pay the amounts owed to Plaintiffs for the damage to the dwelling under the "Dwelling" coverage afforded by the Policy; (b) failure and refusal to pay all amounts owed to Plaintiffs for the damage to their personal property under the "Personal Property" coverage afforded by the Policy; and (c) failure and refusal to pay such other amounts to Plaintiffs as may be required by the Policy.

20. As a result of Allstate's breach of contract, Plaintiffs have sustained substantial compensable losses for the amounts claimed under the Policy, including but not limited to the replacement cost of the damage to the dwelling, replacement cost of the damaged personal property, and temporary repairs, plus consequential damages.

21. Allstate is liable to Plaintiffs for their losses.

22. Approximately a week after the Loss, the Insured Premises was burglarized, resulting in additional losses. Plaintiffs made a claim to Allstate for the stolen items, which Allstate also denied. Allstate's denial of the theft claim constitutes a material breach of contract, for which Allstate is liable to Plaintiffs for the replacement cost value of the items that were stolen.

23. Allstate's breach of contract was intentional, fraudulent, malicious, and/or reckless, therefore justifying an award of punitive damages. *See, e.g., Riad v. Erie Ins. Exchange*, 436 S.W.3d 256, 276 (Tenn. Ct. App. 2013). Specifically, Allstate intentionally, fraudulently, maliciously, and/or recklessly: (1) failed to effectuate a prompt and fair settlement of Plaintiffs' claim when liability was reasonably clear; (2) refused and failed to conduct a reasonable, prompt, and fair investigation concerning the issues surrounding Plaintiffs' claim for insurance proceeds; (3) unjustly refused and/or failed to pay Plaintiffs' claim for its own financial preservation with no reasonable or justifiable basis; (4) failed to treat Plaintiffs' interests with equal regard to its own; (5) promised prompt action and claim-handling but then failed to provide reasonable payment to compensate Plaintiffs for their insured losses; (6) failed and refused to pay Plaintiffs' valid claim; (7) unnecessarily delayed payment of Plaintiffs' insured losses; (8) misrepresented relevant facts and policy provisions to Plaintiffs; (9) failed to adopt and implement reasonable standards for the prompt investigation and settlement of claims; (10) forced Plaintiffs to file suit in order to enforce their rights under the Policy; (11) failed to affirm or deny coverage within a reasonable time; (12) accused Plaintiffs of arson with no reasonable basis for such an assertion; and (13) such other facts and circumstances as alleged in this Lawsuit and/or to be shown at trial. Allstate knew, or reasonably should have known, that Plaintiffs were justifiably relying on the money and benefits due them under the terms of the Policy. Nevertheless, acting with conscious disregard for Plaintiffs' rights and with the intention of causing or willfully disregarding the probability of causing unjust and cruel hardship on Plaintiffs, Allstate consciously ignored Plaintiffs' valid claim and then denied Plaintiffs' claim and withheld monies and benefits rightfully due Plaintiffs. Plaintiffs seek, and are entitled to, punitive damages.

WHEREFORE, as a result of the foregoing, Plaintiffs would respectfully request that this Honorable Court award a judgment against Allstate as follows:

    A.    For compensatory damages not to exceed $200,000.00;

    B.    For punitive damages against Allstate not to exceed $500,000.00;

    C.    For all costs incurred by Plaintiffs as a result of this action;

    D.    For pre and post-judgment interest; and

    E.    For such other further and general relief as this Court deems just and equitable.

### JURY DEMAND

Plaintiffs demand a jury of their peers.

Respectfully submitted,

GILBERT RUSSELL McWHERTER
SCOTT BOBBITT PLC

_____
J. BRANDON McWHERTER #21600
bmcwherter@gilbertfirm.com
341 Cool Springs Blvd, #230
Franklin, Tennessee 37067
Telephone: (615) 354-1144
Facsimile: (731) 664-1540

CLINTON H. SCOTT #23008
cscott@gilbertfirm.com
101 N. Highland Ave.
Jackson, Tennessee 38301
Telephone: (731) 664-1340
Facsimile: (731) 664-1540

*Attorneys for the Plaintiffs*

## **COST BOND**

This Firm stands as surety for costs in this matter.

_____

7